**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| ALEXANDER JIGGETTS | : | |
| Petitioner | : | |
| v | : | Civil Action No. JFM-07-1128 |
| JAMES O. O'NEILL,[1] | : | |
| KATHLEEN GREEN, | | |
| and THE ATTORNEY GENERAL OF THE | : | |
| STATE OF MARYLAND | | |
| | : | |
| Respondents | | |

**MEMORANDUM**

Petitioner Alexander Jiggetts, presently incarcerated at the Eastern Correctional Institution at Westover, filed the instant 28 U.S.C. § 2254 habeas corpus petition on April 27, 2007,[2] attacking the constitutionality of his February 8, 2006, guilty plea to one count of first degree burglary in the Circuit Court for Baltimore County.[3]  Paper No. 1 and Paper No. 3, Exhibit 1.  Petitioner alleges ineffective assistance of trial counsel and discrimination and bias on the part of the trial court.  Paper No. 1.  Respondents contend that petitioner has failed to exhaust his grounds for relief and that the petition is time-barred.  Paper No. 3. Upon review of the pleadings, the court finds no need for an evidentiary hearing.  *See* 28 U.S.C. Section 2254(e)(2)*;* Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts*.* For the reasons that follow, the court determines the

---

[1] James P O'Neil, the administrator of the Baltimore County Bureau of Corrections, does not have custody over petitioner.  Accordingly, he shall be stricken as a party respondent in this case.

[2] The petition was received for filing on May 1, 2007.  Under the "prison mailbox rule," however, it is deemed filed on the date it was signed or delivered to prison authorities for mailing.  *See Houston v. Lack*, 487 U.S. 266 (1988); *United States v. Dorsey*, 988 F.Supp. 917, 919-20 (D. Md. 1998).

[3] Petitioner was sentenced to ten years incarceration with five years suspended and five years supervised probation.  *Id.*

petition is unexhausted and will deny and dismiss it without prejudice by separate order.[4]

Under *Rose v. Lundy*, 455 U.S. 509, 518 (1982), before filing a petition seeking habeas relief in federal court, petitioner must exhaust each claim presented to the federal court through remedies available in state court. This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. *See* 28 U.S.C. § 2254(b) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999). In Maryland, this may be accomplished by raising certain claims on direct appeal and others by way of post-conviction proceedings.[5] *See Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997); *Spencer v. Murray*, 18 F.3d 237, 239 (4th Cir. 1994).

Docket entries demonstrate petitioner did not seek leave to appeal the entry of his guilty plea. Furthermore, he has not sought post-conviction relief in the state courts. None of the claims presented here can be deemed exhausted, and accordingly this case will not be stayed while petitioner is afforded an opportunity to return to state court, as permitted pursuant to *Rhines v. Weber*, 544 U.S. 269, 276 (2005).

The petition is denied without prejudice. A separate order shall be entered reflecting the opinion set out herein.

| | |
|---|---|
| June 19, 2007 | /s/ |
| Date | J. Frederick Motz |
| | United States District Judge |

---

[4] To the extent petitioner may later present a properly exhausted habeas application here, the court at this time will forego a determination that such application would be time-barred or subject to equitable tolling under 28 U.S.C. 2244(d)(1) or (2).

[5] This exhaustion requirement is not a jurisdictional condition to federal habeas corpus relief but rather a matter of comity, *Granberry v. Greer*, 481 U.S. 129, 134-35 (1987), giving the state courts the first opportunity to review federal constitutional challenges to state convictions in order to preserve the role of the state courts in protecting federally guaranteed rights. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973).